IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-01849-MSK-OES

CAVITAT MEDICAL TECHNOLOGIES, INC.,

    Plaintiff and Counterclaim Defendant,

v.

AETNA, INC.,

    Defendant and Counterclaimant.

---

AETNA, INC.

    Third-Party Plaintiff,

v.

ROBERT J. JONES,

    Third-Party Defendant.

---

**ORDER REGARDING MOTIONS TO DISMISS AND TO STRIKE**

---

THIS MATTER comes before the Court on the Plaintiff's and Third-Party Defendant's Motion to Dismiss Defendant's Counterclaims **(#92)**, to which the Defendant has responded **(#94)** and the Plaintiff and Third-Party Defendant have replied **(#105)**. Also pending is a Motion to Dismiss or Strike Defendant Aetna's First Amended Counterclaims **(#148, #152)**, as well as a separate Motion to Strike Out-Of-Time Pleading **(#149)**. Having considered the same, the Court

    **FINDS** and **CONCLUDES** that:

The first motion to dismiss **(#92)** was filed under Fed. R. Civ. P. 9(b) and 12(b)(6), and it

pertains to the Defendant's Counterclaims **(#83)** filed June 24, 2005.  The Defendant subsequently filed Amended Counterclaims **(#114)**.  Therefore, the motion to dismiss the original counterclaims is moot.

The Plaintiff and Third-Party Defendant complain that the Amended Counterclaims were not timely filed and therefore have filed a motion to strike **(#149)** them on that basis.  They request, in the alternative, that if the Court does not strike the Amended Counterclaims, they should be allowed further discovery.  The Court agrees that the Amended Counterclaims were not timely filed in accordance with the Scheduling Order.  However, the Court also cannot overlook the fact that the Defendant could not file its original Answer and Counterclaims until long after the deadline for amending the pleadings because the Court had not yet ruled on its motion to dismiss.  Although the better practice would have been for the Defendant to obtain leave of the Court prior to filing its Amended Counterclaims, the Court will not strike them and instead will allow the Plaintiff and Third-Party Defendant to request further specific discovery if needed.

The second motion to dismiss **(#148, #152)** pertains to the Amended Counterclaims.  The Defendant objects **(#158)** to this motion because it is 51 pages long and exceeds the page limitations for such motions.  No good cause has been shown to exceed the 15-page limitation set forth in MSK Civ. Practice Standard V.A.  Therefore, such motion is denied, without prejudice.

It has come to light from the parties' pleadings and other documents that there is some uncertainty as to the proper caption in this case.  There is only one Plaintiff (Cavitat Medical Technologies, Inc.) and one Defendant (Aetna, Inc.).  The Defendant has asserted a counterclaim against the Plaintiff and a third-party claim against Robert J. Jones.  Therefore, the Court has amended the caption to properly reflect the parties in this case.

**IT IS THEREFORE ORDERED** that:

(1) The Plaintiff's and Third-Party Defendant's Motion to Dismiss Defendant's Counterclaims **(#92)** is **DENIED**, as moot.

(2) The Plaintiff's and Third-Party Defendant's Motion to Dismiss Amended Counterclaims **(#148, #152)** is **DENIED,** without prejudice, for failure to conform with MSK Civ. Practice Standard V.A.

(3) The Plaintiff's and Third-Party Defendant's Motion to Strike Out-Of-Time Pleading **(#149)** is **DENIED**.

(4) All future filings with the Court shall bear the caption set forth in this Order.

Dated this 1st day of November, 2005

          **BY THE COURT:**

          *Marcia S. Krieger*

          Marcia S. Krieger
          United States District Judge