IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01849-MSK-OES

CAVITAT MEDICAL TECHNOLOGIES, INC., and
ROBERT J. JONES,

Plaintiff(s),

vs.

AETNA, INC.,

Defendant(s).

---

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL AETNA, INC TO PRODUCE SUBPOENA RECORDS

---

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER

Plaintiff and counterclaim defendant (henceforward, "plaintiff") has filed a motion in which it asks that I direct defendant and counterclaim defendant Aetna (henceforward, "defendant") to produce "all records and documents of any kind pertaining to the Wilzig subpoena or to defendant's subpoenas *duces tecum* issued to non-parties." Plaintiff complains that in responding to the Wilzig subpoena that was served upon defendant, it failed to comply with the provisions of the Confidentiality Order. Plaintiff also complains that defendant "has engaged in communications with certain subpoenaed non-parties and/or their counsel in regard to the subpoenas [served upon non-parties by defendant] and to compliance [sic] with the subpoenas." Pltf's Mtn Comp. at 5. Plaintiff asks the court to compel defendant to disclose the contents of its communications to non-parties or their counsel.

I will deny both of plaintiff's requests.

With regard to the Wilzig subpoena, the Confidentiality Order requires nothing more from defendant than that it notify plaintiff that it has received any such subpoena, and that it assert the Confidentiality Order as a defense against any request for documents that have been designated as confidential.  As defendant points out in its Response, it complied with both of these requirements, that is, it notified plaintiff about receipt of the subpoena, and it declined to produce to Wilzig any materials that had been designated as confidential.  The Confidentiality Order does not contain any language that requires defendant to produce to plaintiff, in this lawsuit, either the subpoena or copies of any non-confidential materials that were produced to Wilzig.

With regard to defendant's relationships with non-parties, I agree with defendant's observation that "nothing in Rule 45 – or any other Federal Rule of Civil Procedure or Local Rule – requires defendant to consult with or otherwise seek permission from Cavitat **prior** to conducting this third-party discovery."  Defendant's Resp. at 6, emphasis in orig.  Plaintiff's references to Fed.R.Civ.P. 34(b), 45(c)(1) and D.C.COLO.L.CivR 30.1(A) simply do not support the arguments that it makes.  Defendant has done all that it is required to do by providing to plaintiff copies of the subpoenas that it issued, as well as copies of all documents that it received in response to the subpoenas.  Id. at 6.

## ORDER

It is therefore ORDERED as follows:

1. Plaintiff's Motion to Compel Defendant, Inc. to Produce Subpoena Records [Doc. 140, filed October 11, 2005] is DENIED.

2. Each side shall pay its own fees and costs.

Dated at Denver, Colorado, this day of: November 28, 2005

BY THE COURT:

s/ O. Edward Schlatter

_____
O. Edward Schlatter
United States Magistrate Judge