IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01849-MSK-OES

CAVITAT MEDICAL TECHNOLOGIES, INC., and
ROBERT J. JONES,

Plaintiff(s),

vs.

AETNA, INC.,

Defendant(s).

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL COOPERATION

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER

Plaintiff and counterclaim defendant (henceforward, "plaintiff") has filed a motion in which it asks that I order defendant and counterclaim plaintiff Aetna (henceforward, "defendant") to cooperate in the setting of deposition dates. As defendant points out in its Response, the real purpose of plaintiff's motion is to seek from the court an extension of the discovery deadlines. Plaintiff complains in its motion that it has been unable to complete its discovery because defendant has been unwilling to cooperate in the setting of deposition dates for persons that plaintiff seeks to depose. It asks me to extend the cutoff date for discovery to May 6, 2005.

Defendant denies that it has failed to cooperate in the setting of dates for depositions. It asserts that it always has been willing to set deposition dates, but that plaintiff must first comply with its obligations to provide the discovery that it is obligated to

provide. The discovery to which defendant makes reference is discovery that defendant believes will support its affirmative defenses and counterclaims, including materials that defendant believes will demonstrate that plaintiff's studies in regard to its device were not conducted in compliance with federal food and drug law. Deft's Resp. at 5. Defendant admits that plaintiff has served it with a notice for a Rule 30(b)(6) deposition, but it asserts that plaintiff has never advised defendant about the scope or limits of the subject matter about which plaintiff intended to depose the 30(b)(6) representative.

## DISCUSSION

First, June 12, 2006. That date was set by District Judge Marcia S. Krieger, and can only be changed by her. For that reason, I cannot extend the discovery deadline to May 6, 2006, as plaintiff requests, because that would eliminate any time for either party to file any dispositive motions that they may desire to file. In fact, the deadline for filing dispositive motions can be set no later than ninety days before the date for trial, and setting the deadline even at that late date is stretching the ability of any judge to rule upon any motions before the commencement of trial. Thus, if plaintiff truly needs five more months within which to complete its discovery, it must first obtain from Judge Krieger a continuance of her trial date. Only then would I be in a position to grant to plaintiff the type of extension it seeks, if such an extension is shown to be warranted and necessary.

Second, I note from the contents of defendant's Exhibit 1, an e-mail from counsel for plaintiff to counsel for defendant, that plaintiff acknowledges that the present date set for trial "no longer appears feasible." Deft's Resp., Ex. 1 at 2. If that is the case, then plaintiff should file a motion in which it expressly asks Judge Krieger to continue that date. If she grants the motion, I will re-visit the subject of the discovery deadlines.

At this point, because the trial remains set for June 12, 2006, I simply cannot grant to plaintiff the relief that it seeks. However, I can extend the deadlines slightly, or by approximately 60 days, and I do so in my order below.

To the extent that plaintiff asks that I compel defendant to cooperate in the setting of dates for depositions, I agree with defendants' observations. Defendant is entitled to be provided with all of the discovery that it has sought from plaintiff before its witnesses are deposed. Otherwise, defendant probably will be asked to respond to inquiries from plaintiff about its defenses and counterclaims in regard to matters for which it has not received the discovery that it believes will document its claims and allegations.

**ORDER**

It is therefore ORDERED as follows:

1. Plaintiff's/Counterclaim Defendants' Motion to Compel Cooperation in the Setting of Deposition Dates [Doc. 151, filed October 18, 2005] is GRANTED IN PART.

2. The deadlines for discovery set in the Scheduling Order are extended as follows:

    (a) Cutoff for all discovery:    February 1, 2006

    (b) Deadline for filing dispositive motions:    March 1, 2006

3. Plaintiff's request that I compel defendant to cooperate in the setting of dates for deposition is denied.

4. Each side shall pay its own fees and costs.

Dated at Denver, Colorado, this day of: November 28, 2005

                BY THE COURT:

                s/ O. Edward Schlatter

_____
                                      O. Edward Schlatter
                                      United States Magistrate Judge