IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01849-MSK-OES

CAVITAT MEDICAL TECHNOLOGIES, INC., and
ROBERT J. JONES,

Plaintiff(s),

vs.

AETNA, INC.,

Defendant(s).

ORDER DENYING PLAINTIFF'S
MOTION FOR CONTEMPT

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER

Plaintiff and counterclaim defendant (henceforward, "plaintiff") has asked that I hold defendant and counterclaim plaintiff Aetna (henceforward, "defendant") in contempt for "intentionally attaching . . . CLFPA documents" with motions that defendant filed with the court. Contempt consists of the intentional or willful disobedience of a court order. It may be either civil or criminal, but plaintiff here appears to be seeking sanctions or remedial assistance that is premised upon the remedies that are normally available for civil contempt.

"Sanctions for civil contempt may only be employed for either or both of two distinct remedial purposes.: '(1) to compel or coerce obedience to a court order. . . : and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance.'" O'Connor v. Midwest Pipe Fabrications, Inc., 972 F.2d 1204, 1211 (10th

Cir. 1992), *quoting* Shuffler v. Heritage Bank, 720 F.2d 1141, 1145 (9th Cir. 1983). Where the purpose of the sanction is "coercive," the court must consider "'the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" Id., *quoting* United Mine Workers, 330 U.S. 258, 304 (1947). The Tenth Circuit has held that in civil contempt cases, "the proof of contempt must be clear and convincing." United States v. Professional Air Traffic Controlleres Org., 703 F.2d 443, 445 (10th Cir. 1983).

Plaintiff has failed to meet its burdens under the requirements for showing civil contempt on the part of defendant. I will deny plaintiff's motion.

## DISCUSSION

Plaintiff's grievance revolves around the fact, which defendant does not dispute, that defendant on three separate occasions violated the Protective Order by filing with the court as exhibits documents that plaintiff had designated as confidential, without filing the exhibits under seal: April 4, 2005; July 13, 2005; and July 28, 2005. Plaintiff argues that under paragraph 15 of the Protective Order, defendant is required to give plaintiff 15 days notice of its intent to use confidential documents, within which period of time plaintiff may seek relief from the court. Plaintiff does not explain why it waited approximately six months after the first incident on April 4, and over two months after the second and third incidents, to seek remedial relief from the court for defendant's alleged violation.

Defendant argues that paragraph 11, and not paragraph 15, governs its publication or use of documents that have been designated as confidential. Under the terms of that paragraph, neither party is restricted from using or publishing confidential materials "as long as the party notifies the designating party a sufficient period of time prior to offering

such information to **permit the designating party to ask the Court** to make arrangements" with regard to the proposed use of the materials." Protective Order at ¶ 11, emphasis in original. Defendant points out in its Response to plaintiff's motion that it provided notice to plaintiff sufficiently in time for plaintiff to take action, but that plaintiff neither responded to the notice nor sought relief from the court. *See* Deft's Resp. at 5-6.

First, I agree that paragraph 11, and not 15, governs the use of confidential materials. Indeed, paragraph 11 is entitled "Filing and Use of 'CONFIDENTIAL INFORMATION,'" while paragraph 15 is entitled "Challenging Designations." Not only do the titles of the paragraph reflect that defendant proceeded appropriately here, but the language of the two paragraphs also reflects that paragraph 11 is the paragraph which governs the parties intentions to use or publish documents that have been designated as confidential.

The documentary evidence attached to the pleadings reflects that defendant proceeded on a goof faith belief that its conduct was justified by the provisions of paragraph 11. In such circumstances, a finding of contempt would be completely unwarranted. Additionally, since I have concluded that defendant's interpretation of the Protective Order was correct, plaintiff has failed to show any basis at all for a finding of contempt.

Second, I question the designation by plaintiff of these particular documents as confidential, and the alleged harm that plaintiff claims to have suffered. Defendant filed as exhibits certain documents that it had received from plaintiff. The documents did not consist of propriety information or trade secrets. Rather, defendant states, the documents

consisted of contracts and communication between plaintiff and its agent, consultant and public relations man, Tim Bolen, and, in defendant's words, "those who have partnered and funded this baseless litigation against Aetna." Deft's Resp. at 2.

Plaintiff states that the publication of these documents was picked up by a website called "Quackwatch" and its operator, Stephen Barrett. Plaintiff complains that Barrett, or Quackwatch, published "disparaging and distorted commentary" about plaintiff and this lawsuit. In plaintiff's view, the contents of Quackwatch consisted of "innuendos and false accusation of illegal conduct" and "malicious statements [that] have further chilled the ability of CMT to market the CAVITAT [technology and treatment]." Pltf's Mtn at 3-4.

The documents at issue here are not the types of documents that should enjoy the status of confidential, and the harm described by plaintiff is not the type of harm that would support a remedial order after a finding of civil contempt. As noted, plaintiff's documents were not proprietary in nature, and plaintiff does not assert that it designated the documents as confidential to protect anyone's privacy interests. Apparently, the sole purpose for designating the documents as confidential was to protect plaintiff or its agents from embarrassment, because embarrassment or humiliation is the only harm about which plaintiff makes complaint. In the absence of a privacy interest, embarrassment is not an injury that will justify court intervention and protection.

Plaintiff's pursuit of an order of contempt was completely unjustified and unwarranted. Under Rule 37(a)(4)(B), unless the making of the motion by plaintiff was substantially justified, I have the discretion to order that defendant be reimbursed the fees and costs that it incurred in defending against an unjustified motion. I find that the filing by plaintiff of its motion for contempt was substantially unjustified, and I will order that

plaintiff reimburse defendant for the attorney fees and costs that it incurred in defending against the motion.

## ORDER

It is therefore ORDERED as follows:

1. Plaintiff's Motion for Contempt re Aetna's Violations of Confidentiality Order [Doc. 134, filed October 6, 2005] is DENIED.

2. Defendant is awarded the attorney fees and costs that it incurred in defending against plaintiff's motion. Defendant shall have until December 12, 2005, within which to submit a billing statement and affidavit, and plaintiff shall have until December 27, 2005, within which to pay the amount requested, unless plaintiff files an objection to the amount sought by defendant. In the event that plaintiff files an objection, I will consider the reasonableness of defendant's billing statement under the usual rules, but if plaintiff's objection is not sustained, I will direct that it pay the original amount sought by defendant, plus a reasonable sum for the defense by defendant of its billing statement.

Dated at Denver, Colorado, this day of: November 28, 2005

BY THE COURT:

s/ O. Edward Schlatter

_____
O. Edward Schlatter
United States Magistrate Judge