IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01849-MSK-OES

CAVITAT MEDICAL TECHNOLOGIES, INC., and
ROBERT J. JONES,

Plaintiff(s),

vs.

AETNA, INC.,

Defendant(s).

---

ORDER DENYING PLAINTIFF'S
(1) MOTION TO COMPEL [Doc. 116] and
(2) MOTION RE CONFIDENTIALITY [Doc. 135]

---

ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER

Plaintiff and counterclaim defendant (henceforward, "plaintiff") has filed two motions in which plaintiff is seeking from the court either an order that compels defendant and counterclaim plaintiff (henceforward, "defendant") to lift its designation of certain documents as confidential, or an order that simply lifts the designation. Although plaintiff has styled one motion as a Motion to Compel Production of Withheld Documents, plaintiff admits that it has received all of the documents it sought. It simply objects to the fact that defendant has redacted certain portions of the documents as confidential.

I will deny plaintiff's motion for two procedural reasons. First, plaintiff's motions constitute a motion under paragraph 15 of the Protective Order, which is entitled "Challenging Designations." The provisions of that paragraph require plaintiff to allow defendant 15 days within which to respond to plaintiff's requests that defendant lift its

designations.  As defendant points out in its Response to plaintiff's motions, defendant had

until October 11, 2005, within which to respond.  However, plaintiff filed its two motions

here on October 3 and October 7, 2005, depriving defendant of the time that it should have

been allowed.

Second, plaintiff's failure to allow the 15 days to defendant also constitutes a failure

on the part of counsel for plaintiff to meet and confer pursuant to the requirements of Rule

7.1A of our local rules.  D.C.COLO.LCivR 7.1A.  Defendant points out in its Response that

at the time that plaintiff was filing its motions, counsel for defendant was in the process of

considering plaintiff's objections, and had agreed to withdraw the confidential designations

"as to most of the challenged documents."  Deft's Resp. at 8.  Defendant asserts that "had

Cavitat followed the procedure in the Protective Order instead of prematurely filing its

Motions, most of the issues complained of would have been resolved without the need for

Court intervention."  Id.  Indeed, that is the very purpose of paragraph 15 of the Protective

Order and Local Rule 7.1A, to avoid unnecessary judicial proceedings.

The filing by plaintiff of these two motions, without allowing defendant 15 days

within which to respond to plaintiff's demands, and without a genuine effort to resolve any

disputes without judicial intervention, was completely unjustified and unwarranted.  Under

Rule 37(a)(4)(B), unless the making of these motions by plaintiff was substantially justified,

I have the discretion to order that defendant be reimbursed the fees and costs that it

incurred in defending against them.  I find that the filing of these motions by plaintiff was

substantially unjustified, and I will order that plaintiff reimburse defendant for the attorney

fees and costs that it incurred in defending against them.

**ORDER**

It is therefore ORDERED as follows:

1.  Plaintiff's Motion to Compel Production of Withheld Documents [Doc. 116, filed October 3, 2005] is DENIED.

2.  Plaintiff's Motion re Confidentiality of Aetna, Inc.'s Business Records [Doc. 135, filed October 7, 2005] is DENIED.

3.  Defendant is awarded the attorney fees and costs that it incurred in defending against plaintiff's motions.  Defendant shall have until December 12, 2005, within which to submit a billing statement and affidavit, and plaintiff shall have until December 27, 2005, within which to pay the amount requested, unless plaintiff files an objection to the amount sought by defendant.  In the event that plaintiff files an objection, I will consider the reasonableness of defendant's billing statement under the usual rules, but if plaintiff's objection is not sustained, I will direct that it pay the original amount sought by defendant, plus a reasonable sum for the defense by defendant of its billing statement.

Dated at Denver, Colorado, this day of:  November 28, 2005

BY THE COURT:

s/ O. Edward Schlatter

_____
O. Edward Schlatter
United States Magistrate Judge