IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-01849-MSK-OES

CAVITAT MEDICAL TECHNOLOGIES, INC.,

    Plaintiff,

v.

AETNA, INC.,

    Defendant.

## ORDER DENYING MOTION FOR STAY, MOTION FOR FORTHWITH HEARING, AND MOTION TO UNSEAL

THIS MATTER comes before the Court on the following motions: (1) a Motion for Stay of Proceedings **(#238)** filed by counsel for Plaintiff Cavitat Medical Technologies, Inc. ("Cavitat MT"); (2) a Motion for Forthwith Hearing **(#239)** filed by Cavitat MT's counsel; and (3) a Motion to Unseal **(#251)** filed by Aetna, Inc. ("Aetna"). Having considered the same, as well as Aetna's response **(#261)** to the Motion for Stay, the Court

**FINDS** and **CONCLUDES** that:

**A. Motion for Stay**

On January 12, 2006, the Court held a hearing on a motion to withdraw filed by Cavitat MT's counsel. A portion of the hearing was held *ex parte* so that counsel and clients could address the nature of their conflict without divulging privileged information to Aetna. The Court heard extensive statements from Cavitat MT's attorney, Andrew Reid, and from Cavitat MT's principal, Robert Jones. Given impending discovery and pre-trial deadlines, Cavitat MT opposed

withdrawal of its counsel until replacement counsel could enter an appearance - approximately 45 days. The Court made findings as to counsel's grounds for withdrawal and whether immediate withdrawal was required.

At the conclusion of the hearing, the Court granted the motion to withdraw effective February 27, 2006.  The Court found that good cause existed for permissive withdrawal, rather than mandatory withdrawal, under Colorado Rule of Professional Conduct 1.16.  The Court deferred the effective date of withdrawal to allow Cavitat MT to obtain new counsel and in light of scheduled depositions and a February 1, 2006 discovery cut-off date.  The Court advised Cavitat MT of upcoming deadlines and that because it is a corporation, it would not be able to appear in this action without counsel after February 27, 2006.

Counsel for Cavitat MT, now appearing through its **own counsel**, has filed a Motion for Stay of Proceedings.  In such motion it asks the Court "to stay the proceedings for a reasonable time to permit [Cavitat MT] to retain new counsel."  It asserts that "[a]s this Court is aware, Plaintiffs' counsel is unable to ethically continue its representation of [Cavitat MT] under Colorado Rules of Professional Conduct 1.7 and 1.16."  It also asserts that the Court's order granting withdrawal effective February 27 places it "in an untenable position both ethically and practically."  It further states that additional conflicts have arisen between Cavitat MT and counsel which would require counsel to violate Rules 1.7 and 1.16, although it identifies no specific subsection of either Rule that it believes it would be compelled to violate nor does it state that it cannot ethically reveal such information.

It is curious that this motion is brought by counsel for Cavitat MT's attorneys on their own behalf.  They seek to stay the litigation based on precisely the same arguments presented in

2

conjunction with the motion to withdraw. Nothing new, factually or legally, is offered. Their contention that they cannot continue to represent their client, Cavitat MT, is contradicted by the Motion for Protective Order **(#247)** that they filed almost simultaneously. It is unclear given these inconsistent pleadings whether counsel for Cavitat MT are acting on their own behalf or on behalf of their client.

Aetna has responded to the motion. It contends that the motion is moot because the Motion for Protective Order with regard to the depositions was filed and, in their view, such depositions have effectively been stayed, at least until the magistrate judge rules on the motion. The Court notes that the stay requested by Cavitat MT's attorneys is as to the entire action, rather than being limited to the scheduled depositions.

In light of the peculiar posture of the Motion for Stay of Proceedings, Aetna's response, and the Motion for Protective Order, the Court construes the Motion for Stay of Proceedings as simply a motion to reconsider the Court's oral ruling on the motion to withdraw. The purpose of a motion to reconsider is not to reassert arguments that were previously raised or to raise new arguments which could have been raised in the first instance. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Counsel's motion cites no new facts nor law which justify reconsideration of the Court's earlier Order granting the motion to withdraw effective February 27, 2006. Therefore, the Court declines to reconsider such Order.

The Court again advises Cavitat MT that once its counsel has withdrawn, Cavitat MT will

be personally responsible for complying with all Orders and time limitations established by any applicable rules. Deadlines remaining include the March 1, 2006 dispositive motions deadline and the June 12, 2006 trial date. After February 27, 2006, Cavitat MT can only appear in this action through counsel admitted to practice before this Court. Absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed against Cavitat MT. *See* D.C.COLO.LCivR 83.3(D).

**B. Motion to Unseal**

The transcript of the *ex parte* portion of the January 12, 2006 hearing was filed under seal. On January 20, 2006, Cavitat MT filed a Motion for Protective Order, which is currently pending before the Magistrate Judge. The first paragraph of that motion states that at the January 12 hearing:

> Plaintiffs' counsel requested that in light of the withdrawal and the conflicts of interest described in detail in the *in camera* proceeding that the pending discovery be stayed, particularly the imminent depositions. Doc. 240 (30:1-16; 31:8-25; 32:1-5). At that time, the Court indicated that it did not have a motion for stay before it and therefore would not consider the request. Doc. 240 (28:3-4; 29:9-13; 30:6-16, 25; 31:1-7).

Aetna contends that Cavitat MT, by referring to the sealed deposition transcript and making representations as to what was said during the *ex parte* portion of the January 12 hearing, has waived any protection of confidentiality in such transcript. At first blush, this would appear to be the case. However, the references to what occurred in the *ex parte* portion of the January 12 hearing are introductory and not of substantive importance to the Motion for Protective Order. The Motion for Protective Order seeks specific relief with regard to depositions scheduled for January 2006 and may be completely or partially moot. In view of the fragile and temporary

4

nature of the relationship between Cavitat MT and its counsel, the Court declines to unseal the transcript based upon a careless reference by Cavitat MT's counsel to the *ex parte* proceedings.

**IT IS THEREFORE ORDERED** that:

(1) The Motion for Stay of Proceedings **(#238)** is **DENIED**.

(2) The Motion for Forthwith Hearing **(#239)** is **DENIED**, as moot.

(3) The Motion to Unseal **(#251)** is **DENIED**.

Dated this 8th day of February, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge