IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01849-MSK-MEH

CAVITAT MEDICAL TECHNOLOGIES, INC.,

    Plaintiff,

v.

AETNA, INC.,

    Defendant.

## ORDER ON PENDING NONDISPOSITIVE MOTIONS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Plaintiff's Motion for a Protective Order [Docket #247], Supplemental Motion for a Protective Order [Docket #255], and Motion for a Protective Order re Deposition of Thomas Colpitts, DDS [Docket #269] [collectively referred to as Plaintiff's Motions for a Protective Order]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.L.Civ.R 72.1, these matters have been referred to this Court for resolution. The Court conducted a hearing on these matters on February 27, 2006. For the reasons set forth below, Plaintiff's Motions for a Protective Order are **granted** in part and **denied** in part. Defendant's counter Motion to Strike these witnesses from trial based on prejudice to the Defendant is **denied** without prejudice.

**I.     Facts**

In her Order of May 16, 2005 (Docket #59), Judge Krieger sets out the fact of this lawsuit, and those facts will not be repeated here.

Plaintiff filed the current Motions for a Protective Order beginning on January 20, 2006. These motions effectively precluded eight noticed depositions from occurring in the short time frame

that existed before the discovery cutoff of February 1, 2006.[1]  Plaintiff's Motions for a Protective Order concern the depositions of the following witnesses: (1) Phillip Phillips; (2) Larry Pilot; (3) Dr. Tony Lim; (4) James Gordon; (5) Robert J. Jones; (6) Robert Y. Jones; (7) Robert J. Jones and Sarah Jones as Rule 30(b)(6) designees; (8) Dr. William Glaros; (9) and Dr. Thomas Colpitts.  At the hearing, Defendant also raised the issue of the depositions of Patrick T. Bolen and a representative of Clay Agency.

**II.    Discussion**

   **A.    Plaintiff's Objections to All Depositions**

Plaintiff raises several arguments with relation to each witness: (1) Defendant failed to confer with Plaintiff's counsel before noticing depositions as required by D.C. COLO. L.Civ.R 30.1; (2) Defendant refused to pay expert fees for all witnesses who are experts in their respective fields; and (3) Defendant failed to disclose documents that will be used in the deposition at least three days prior to the deposition.  For relief, Plaintiff asks the Court to prohibit these depositions from taking place until Defendant has complied with the local rules, made proper payment to the expert witnesses, and disclosed all documents in advance of the deposition.  These objections will be addressed collectively, and the Court will addresses each witness individually only to the extent that the objections to that particular deposition require additional discussion.

      **1.    Duty to Confer**

Plaintiff argues that Defendant failed to confer with Plaintiff's counsel in determining the proper dates for depositions.  The local rules for the United States District Court, District of Colorado require the parties "to make a good faith effort to schedule by agreement at a time

---

[1] Two of the depositions subject to Plaintiff's Motions for a Protective Order were noticed by Defendant to occur after the discovery deadline.

reasonably convenient and economically efficient to the proposed deponent, all counsel of record, and *pro se* parties." D.C. COLO L.Civ.R 30.1.A.  Although not without its reasons, Defendant unilaterally scheduled these depositions in violation of the local rules.  As such, the Court **grants** Plaintiff's Motions for a Protective Order in part and directs both parties to confer with one another as follows: Plaintiff's counsel will obtain from each witness listed above (except Larry Pilot, who has outside counsel), all the dates during the month of March 2006 (and early April if absolutely necessary) for which the witness is available for deposition.  Plaintiff's counsel is directed to make initial contact with each witness by the close of business on Wednesday, March 1, 2006.  Plaintiff's counsel is to forward its communications with the witnesses, including all available dates, to Defendant's counsel no later than Friday, March 3, 2006.  Indeed, both parties are obliged to produce to one another any written correspondence (including e-mails and facsimiles) made with the potential deponents, as noted *infra* in this Order.

In a spirit of cooperation, both parties are to determine on which dates to schedule these depositions.  To facilitate availability for these depositions, counsel may appear by telephone only if necessary.

To the extent Plaintiff's Motions for a Protective Order sought to prevent the depositions from going forward, the Motions are **denied**.

### 2. Expert Witness Fees

Plaintiff asserts that many of these witnesses are experts in their field or were designated as experts by the Plaintiff and are, therefore, entitled to compensation as an expert for their deposition.  Although it is customary practice for attorneys to compensate doctors and other experts for their time, Defendant is only required to compensate as experts those witnesses who have been retained by Plaintiff as experts.  *E.g., Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 350 (D. Colo. 1995) (holding

that witnesses not retained as experts were not entitled to expert witness fees). Plaintiff concedes that only Phillip Phillips and Dr. William Glaros have been retained as experts by Plaintiff. Accordingly, only these two witnesses are entitled to expert witness fees for being deposed.

### 3. Disclosure of Documents prior to Depositions

Plaintiff objects to Defendant's failure to identify all documents that will be used in deposing these witnesses, at least three days in advance of the deposition. Plaintiff argues that if these depositions are to be used at trial, Defendant must first make these disclosures. Because of the nature of this case, this requirement may not remain practicable. Thus, the Court directs the parties to disclose all documents that will be used in a deposition as far in advance of the deposition as possible. The Court directs the parties to assume that any deposition taken in this case may be admitted at trial. Any objections to such admission are properly the subject of a Motion in Limine, not a Motion for a Protective Order.

### B. Rule 30(b)(6) depositions

Plaintiff Cavitat has designated Robert J. Jones and Sarah Jones as its 30(b)(6) designees, while leaving open the possibility that another representative may be more informed on a particular subject. Plaintiff argues that Defendant's notice of depositions for two days violates the seven-hour limitation set forth in Federal Rule of Civil Procedure 30. In response, Defendant requests two full days to conduct 30(b)(6) depositions of Cavitat. Given the nature of this case, the Court believes this request to be reasonable and **grants** the Defendant two days, a total of 14 hours, to conduct 30(b)(6) depositions. The Court reminds Plaintiff that Rule 30(b)(6) requires Cavitat to produce witnesses possessing the knowledge of the corporation. *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989) ("The corporation then must . . . prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation."). To the extent that

Cavitat's designees do not possess the requisite knowledge to informatively answer the topics presented in the Rule 30(b)(6) notice, it is Cavitat's obligation to provide whomever it designates as its representative with the requisite information before the 30(b)(6) deposition is to take place.

### C. Deposition of Robert J. Jones

Defendant sent notice to Robert J. Jones to be deposed on January 26, 2006, even though Defendant knew that Robert J. Jones was Cavitat's 30(b)(6) designee. Plaintiff argues that this also violates the seven-hour limitation on depositions. The Court does not agree. Defendant can depose Robert J. Jones as a fact witness for up to seven hours. However, Defendant has no control over whom Cavitat designates as its Rule 30(b)(6) representative. *See* Fed. R. Civ. P. 30(b)(6). In his capacity as a Rule 30(b)(6) representative, Robert J. Jones testifies on behalf of the corporation, and his answer are binding on Cavitat. *See T&W Funding Co. XII, LLC v. Oennant Rent-A-Car Midwest, Inc.*, 210 F.R.D. 730, 732 (D. Kan. 2002) (noting difference between fact deposition and Rule 30(b)(6) deposition for the same witness). This "additional deposition" results solely from Cavitat's right to designate whomever it desires as its Rule 30(b)(6) representative. Thus, Defendant may depose Robert J. Jones once as a fact witness and once as the Rule 30(b)(6) designee selected by Cavitat.

### D. Depositions of Patrick T. Bolen and Clay Agency

At the hearing on the Motions for a Protective Order, Defendant brought before the Court other witnesses it seeks to depose that were not subject to the Motions. Because the Court directs counsel to confer in setting depositions, it will include Mr. Bolen and Clay Agency in the list of witnesses Plaintiff must contact. Plaintiff must provide Defendant a list of dates these witnesses are available in March no later than Friday, March 3, 2006, so that Defendant has every opportunity to depose them during March 2006.

### E.   Communication with Witnesses

Plaintiff further argues that all written communication between Defendant's counsel and any witnesses should be disclosed to Plaintiff. Defendant did not object to this disclosure, provided the disclosure presented a mutual obligation to Plaintiff's and Defendant's Counsel. Thus, the Court directs all parties to disclose to opposing counsel all written communication with any witnesses that is not subject to the attorney-client privilege.

### F.   Defendant's Counter Motion to Strike

In responding to Plaintiff's Motions for a Protective Order, Defendant argues that it has suffered great prejudice because Plaintiff prevented Defendant from deposing these witnesses before the discovery deadline of February 1, 2006. Defendant accuses Plaintiff of trying to "run out the clock" and of never intending to attend even the previously agreed to Rule 30(b)(6) depositions. Defendant requests that these witnesses be excluded from testifying at trial; that all allegations against Cavitat be deemed admitted; and that Defendant be awarded attorney's fees for responding to these Motions.

First, the Court notes that Defendant is not blameless in these proceedings. Although allegedly believing it had no choice, Defendant failed to follow the local rules in noticing these depositions and, indeed, noticed two depositions to occur after the discovery deadline, without seeking leave of the Court. Second, in light of the Court's extension of discovery to the end of March 2006 for the purpose of taking the depositions addressed herein, the Court does not consider Plaintiff's conduct to be materially prejudicial at this time. The Court **denies** Defendant's counter Motion to Strike at this time, without prejudice, but recognizes that appropriate remedies may be necessary in the event that these witnesses fail to make themselves available before the end of March 2006 (or the beginning of April if absolutely necessary).

### III.     Conclusion

Plaintiff's Motion for a Protective Order [Filed January 20, 2006; Docket #247], Supplemental Motion for a Protective Order [Filed January 30, 2006; Docket #255], and Motion for a Protective Order re Deposition of Thomas Colpitts, DDS [Filed February 17, 2006; Docket #269] are **granted** in part and **denied** in part. Specifically, the parties are directed to confer as outlined above in setting the time and place for the witnesses listed herein, and only Phillip Phillips and Dr. Glaros are entitled to expert witness fees. To the extent possible, the parties are to disclose all documents to opposing counsel prior to taking a deposition. Defendant's oral Motion to Exceed the Seven-Hour Limitation for a 30(b)(6) Deposition is **granted.** Defendant's counter Motion to Strike is **denied** without prejudice. The Court does not believe that the prejudice suffered at this juncture is significant, provided Defendant is able to depose the witnesses listed herein by the end of March 2006.

IT IS SO ORDERED:

Dated at Denver, Colorado, this 28th day of February, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge